THE MORRIS PLAN COMPANY OF SPRINGFIELD *vs.* ALTON
E. LILLIE & others.

Hampden.    October 9, 1928. — November 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Collateral, "Morris plan" note, Payment. *Contract,*
Construction. *Payment.*

At the trial of an action by a "Morris plan" corporation against joint
and several makers of a "Morris plan" note, it appeared that the
note was given in return for $1,000 paid to one of the defendants and
provided for payment in fifty-two weeks after date with interest after
maturity, and costs and expenses of collection and a ten per cent
attorney's fee if collection of the note were by suit. Other provisions
of the note were that there had been deposited with the plaintiff as
collateral security "Class 'C' certificates of investment of said Com-
pany" bearing a numeral designation; that upon "non-payment of
any installment due the Company on any class 'C' certificate here-
with hypothecated, when the same shall become payable, then this
obligation shall become due and payable, without demand or notice";
and that "If, at the expiration of the period during which this obliga-
tion [on the note] is to run, all dues and fines for that period shall
have been paid upon class 'C' certificates of investment hypothecated
herewith, then. the signer hereof who hypothecated the same may
surrender" the certificates and with the cash received therefrom dis-
charge the obligation, provided he gives notice of his intention so to
do within ten days before maturity of thè note. The plaintiff offered
a "class C" certificate of the designated number dated a month after
the note, which provided for payments which would not be completed
until one month after the due date of the note. The certificate was
not signed by any defendant nor assigned to the plaintiff. It appeared
that the amount of the note was not paid on its due date and a payment
on the certificate, then due, was not made; that the action was
brought three days later; and that thereafter the entire amount re-
maining due on the "class C" certificate was paid. The judge ordered
a verdict for the plaintiff for the amount of the note, $1,000, plus
interest and an attorney's fee of $100. *Held,* that
(1) None of the payments were payments on the note;
(2) The fact that the certificate was not signed by any defendant
and no written assignment or pledge was made did not justify the
defendants in contending that the payments should have been applied
to the note;
(3) The plaintiff was not required to resort to the collateral before
bringing action on the note;

(4) When action was begun, the defendants had not performed the required conditions to entitle them to have the money paid on the certificate applied to the discharge of the note;

(5) The payments on account of the certificate could not discharge the cause of action on the note until the collateral was applied to its payment;

(6) The verdict properly was ordered.

CONTRACT against Alton E. Lillie, A. W. Blackmer, J. L. Haskins and Henry M. Haskins upon the promissory note described in the opinion. Writ dated July 8, 1927.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $1,149.19. The defendants alleged exceptions.

The case was submitted on briefs.

*W. A. Davenport & W. L. Davenport*, for the defendants.

*C. H. Beckwith*, for the plaintiff.

SANDERSON, J. This is an action of contract to recover the amount of a promissory note, with interest after maturity and costs of collection including an attorney's fee of ten per cent of the amount of the note. The defence is payment.

The defendant Lillie borrowed money of the plaintiff for which he gave a note for $1,000 signed by himself and the other defendants, all signing as joint and several makers. The note was dated July 6, 1926, payable in fifty-two weeks after date with interest after maturity, plus all costs and expenses of collection, in case payment is not made when the obligation becomes due, "including attorney's fee of ten per cent of said sum or a minimum fee of ten dollars if suit is brought"; and it recited that there has been deposited with the plaintiff as collateral security "Class 'C' certificates of investment of said Company, No. 867." It further provided that upon "non-payment of any installment due the Company on any class 'C' certificate herewith hypothecated, when the same shall become payable, then this obligation shall become due and payable, without demand or notice"; and that "If, at the expiration of the period during which this obligation [on the note] is to run, all dues and fines for that period shall have been paid upon class 'C' certificates

of investment hypothecated herewith, then the signer hereof who hypothecated the same may surrender" the certificates and with the cash received therefrom discharge the obligation, provided he gives notice of his intention so to do within ten days before maturity of the note.

At the trial the plaintiff offered in evidence a class C certificate numbered 867 dated August 5, 1926, for the amount of $1,000. Across its face are the words "This certificate is to be paid for in 11 consecutive monthly payments of $85 each, payable on or before the 5th day of each month and 1 payment of $65." This certificate was not signed by any of the defendants, and Lillie testified that he never saw it.

At the time the plaintiff received the note from Lillie and paid him the money, the plaintiff gave Lillie a book containing twelve coupons, in which appeared a form of a Class C certificate. The coupons were numbered consecutively from 1 to 12, each bearing the certificate number and specifying that payment was to be made monthly, the first eleven payments being for $85 each and the twelfth for $65. Opposite each coupon was a stub on which appeared the following: "When properly stamped this stub is a receipt for the amount of your monthly payment which is applied on your instalment investment certificate."

The defendant Lillie from time to time sent the plaintiff one of these coupons accompanied by a check for its amount, and the company received in all in this way $1,000. These remittances were entered by the plaintiff on the back of the class C certificate, some of them being a month or more overdue when made. The eleventh instalment on the certificate was due July 5, and was paid July 8, 1927. The last instalment on the certificate was due August 5, 1927, and was paid August 4, 1927. The writ was dated July 8, 1927. The court granted the plaintiff's motion for a directed verdict for $1,000, with interest after maturity plus an attorney's fee. To this order the defendants saved their exception.

Each payment made was accompanied by a coupon showing that the check was to be applied to an instalment due on the investment certificate numbered 867, and each was so applied by the plaintiff. None of them were payments on

account of the note. The fact that the certificate was not signed by any defendant and no written assignment or pledge was made does not justify the defendant in contending that the payments should have been applied to the note. The note was not payable in instalments. It was due at least as early as July 5, 1927, and the plaintiff had a right to bring an action on it three days later.

The plaintiff was not required to resort to the collateral before bringing action on the note and, when action was begun, the defendants had not performed the required conditions to entitle them to have the money paid on the certificate applied to the discharge of the note. The payments on account of the certificate could not discharge the cause of action on the note until the collateral was applied to its payment. The order directing a verdict for the plaintiff was right.

*Exceptions overruled.*